UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| MICHAEL D. CLAY, LARRE G. BUTLER and CLAYTON SHAMSIE individually and on behalf of all others similarly situated, | § § § § § | |
| | § | Docket No. 6:16-cv-0296-UDJ-CBW |
| Plaintiffs, | § § | DISTRICT JUDGE DEGRAVELLES |
| vs. | § § | MAGISTRATE JUDGE WHITEHURST |
| NEW TECH GLOBAL VENTURES, LLC, | § § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendant. | § | |

**MEMORANDUM OF LAW IN SUPPORT DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TO COMPEL PLAINTIFFS ALBERT DECKARD AND BRETT BAKER TO SIT FOR THEIR DEPOSITIONS AND RESPOND TO WRITTEN DISCOVERY**

Opt-in Plaintiffs Albert Deckard and Brett Baker have repeatedly failed to respond to discovery in this litigation. Both plaintiffs were duly served with interrogatories, requests for admissions, requests for production (over a year ago), and notices of deposition (8 months ago). Yet, neither one responded to the written discovery requests or appeared for his deposition. According to Plaintiffs' counsel, he has been unable to secure Deckard and Baker's participation in this lawsuit. Nevertheless, Plaintiffs' counsel has declined to dismiss Deckard and/or Baker forcing New Tech Global Ventures, LLC ("New Tech") to file this Motion. Accordingly, pursuant to Fed. R. Civ. P 37 and/or 41, New Tech respectfully moves the Court for an order (1) dismissing Deckard and Baker's claims with prejudice or, alternatively, (2) compelling Deckard and Baker's discovery responses and depositions immediately as discovery is set to close in three weeks. New Tech further seeks its attorneys' fees, which are mandatory pursuant to Federal Rule 37, should New Tech's Motion be granted.

1

## I.    FACTUAL BACKGROUND

On March 3, 2016, Michael Clay, Larre Butler, and Clayton Shamsie filed a Collective Action Complaint on behalf of themselves and other rig clerks alleging that New Tech misclassified them as independent contractors and, as a result of that misclassification, unlawfully denied them overtime pay under the Fair Labor Standards Act (FLSA). (Compl. [Doc. No. 1]). Plaintiffs sought to pursue their overtime claims on behalf of themselves and a putative collective of "[a]ll 'Rig Clerks' employed by [New Tech] in the past 3 years who were paid a day rate." (*Id.* ¶ 11). Following the Court's approval of the Joint Stipulation, notice was sent to potential opt-ins by Plaintiffs' counsel. During the notice period, six individuals – including Deckard and Baker – opted-in to this lawsuit.

On July 17, 2017, New Tech served its First Set of Interrogatories, Requests for Admissions, and Requests for Production to Deckard and Baker through counsel. (*See* written discovery attached hereto as **Exhibit A**). To date, Deckard and Baker have intentionally refused to respond.

On October 11, 2017 New Tech served notice of Deckard's deposition through counsel, and on December 12, 2017 Deckard failed to appear. (*See* Deckard Notice of Deposition attached hereto as **Exhibit B**; *see also* Deckard Certificate of Non-Appearance attached hereto as **Exhibit C**). On October 11, 2017, New Tech served Notice of Baker's deposition through counsel, and on December 11, 2017 Baker failed to appear. (*See* Baker Notice of Deposition attached hereto as **Exhibit D**; *see also* Baker Certificate of Non-Appearance attached hereto as **Exhibit E**).

Leading up to Deckard and Baker's noticed deposition dates, prior counsel for New Tech emailed Plaintiffs' counsel to inquire if he had heard from Deckard or Baker about whether they

would attend their depositions.  (*See* November 2017 correspondence attached as **Exhibit F**). Based on prior conversations with Plaintiffs' counsel about Deckard and Baker's lack of interest in participating in the lawsuit, prior counsel for New Tech inquired "[f]or the upcoming December depositions, have you heard back from Albert Deckard or Brett Baker about whether they will attend?  I assume Baker is still a no show, but want to confirm."  (*Id.*).  Plaintiffs' counsel replied "Brett Baker has indicated that he did not work many overtime hours and didn't want to respond to discovery.  I am still trying to reach Albert Deckard, but have been unable to get a response."  (*Id.*).  Despite Baker's admitted refusal to respond to discovery and Deckard's utter failure to respond to his own lawyer, Plaintiffs' counsel still did not dismiss these plaintiffs.

On December 6, 2017 prior counsel for New Tech again exchanged email correspondence with Plaintiffs' counsel reminding counsel of the schedule for upcoming depositions.  (*See* December 2017 correspondence attached hereto as **Exhibit G**).  Plaintiffs' counsel responded stating "[w]e haven't received confirmation from Baker and Deck[ard].  Based on past conversations with my office, Baker is most probably a no show."  (*Id.*). Nevertheless, Plaintiffs' counsel did not dismiss Baker and Deckard.

Discovery has been ongoing for over a year, yet Baker and Deckard failed to respond to written discovery and failed to appear for their depositions.  Pursuant to the Scheduling Order entered on January 5, 2018 by Magistrate Judge Whitehurst, the discovery period was set to close on August 10, 2018.  [Doc. No. 55.].  Pursuant to an agreement between the parties, discovery was extended until September 10, 2018.  [Doc. No. 67.].  Because discovery is set to close in less than a month, New Tech would be hard pressed to obtain the requested discovery. Therefore, New Tech moves this Court to dismiss Deckard and Baker from this lawsuit due to the prejudice they have caused in depriving Defendant of the information it needs to defend

against their claims.

## II. ARGUMENT

### A. Dismissal of Deckard's and Baker's Claims is Warranted pursuant to Fed R. Civ. P 37(d) and 41(b).

Fed. R. Civ. P 37(d) authorizes dismissal for failure to respond to duly served interrogatories, failure to respond to duly served requests for production, and/or failure to appear for a duly noticed deposition. Fed. R. Civ. P 41(b) authorizes dismissal for failure to prosecute. Parties who have similarly ignored the discovery process and failed to prosecute their claims have been simultaneously sanctioned via dismissal under both rules. *See e.g. Anthony v. Marion County General Hospital*, 617 F.2d 1164 (5th Cir 1980) (affirming dismissal of plaintiff's claims pursuant to Fed R. Civ. P 37(d) and 41(b) for failure to participate in discovery and related failure to prosecute). However, dismissal under even just one of the rules will produce the appropriate outcome in this case.

#### 1. Deckard and Baker's Claims Should be Dismissed Under Fed. R. Civ. P 37(d).

The Court is authorized to enter sanctions, pursuant to Fed. R. Civ. P 37(d)(1)(A)(i), against a party who "fails, after being served with proper notice, to appear for that person's deposition." That same rule authorizes sanctions against a party who "after being properly served with interrogatories under Fed. R. Civ. P 33 or a request for inspection under Fed. R. Civ. P 34, fails to serve its answer objections, or written response. *See* Fed. R. Civ. P 37(d)(1)(A)(ii). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." *See* Fed. R. Civ. P 37(d)(3). New Tech is seeking the sanction of dismissal provided for in Fed. R. Civ. P 37(b)(2)(A)(v).

Here, Deckard and Baker fail to appear for their depositions <u>and</u> also failed to respond to written discovery making sanctions in the form of dismissal even more appropriate because they violated the discovery rules, not once, but twice. Federal district courts in Louisiana do not hesitate to dismiss plaintiffs who file lawsuits and then fail to appear for their depositions or respond to written discovery – even without a prior order compelling a deposition or written discovery responses. *See Bergeron v. Francois*, No. 6:17-CV-00255, 2018 WL 1747560 (W.D. La. Mar. 22, 2018) (recommending dismissal pursuant to Fed. R. Civ. P 37(d)(3) for plaintiff's failure to appear for duly noticed deposition without court order compelling plaintiff's appearance, and accepted and adopted at *Bergeron v. Francois*, No. 6:17-CV-00255, 2018 WL 1747003, at *1(W.D. La. Apr. 10, 2018) (dismissing plaintiff's case)); *Manley v. Louisiana,* No. CIV. A. 00-1939, 2001 WL 1345936 *1-2 (E.D. La. Oct. 30, 2001) (granting defendant's motion to dismiss pursuant to Fed. R. Civ. P 37(d)(3) based on plaintiff's failure to appear for her noticed deposition and her failure to respond to written discovery without prior court order compelling plaintiff's appearance or written discovery responses); *Wright v. City of Tallulah*, No. CIV.A. 13-1631, 2015 WL 2448529, at *2 (W.D. La. May 20, 2015) (recommending dismissal of Plaintiff's claims with prejudice pursuant to Fed. R. Civ. P 37(d)(3) for plaintiff's failure to respond to written discovery or appear for his deposition without any prior court order compelling plaintiff's appearance and/or written discovery responses).

Therefore, it is not necessary that New Tech request lesser sanctions prior to moving to dismiss Deckard and Baker. *See Blackwell v. JC Penney*, 95 F.3d 49, 1996 WL 457359 (5th Cir. 1996) (citing *Diamani v. Road Island Hosp.*, 704 F.2d 12, 15 (1st Cir. 1983) ("There is nothing in [Rule 37(b)(2)] that states or suggests that the sanction of dismissal can be used only after all of the other sanctions have been considered or tried.")).

### 2. Additionally, Deckard and Baker's Claims Should be Dismissed Under Fed. R. Civ. P 41(b) for Their Failure to Prosecute.

Fed. R. Civ. P 41(b) provides for involuntary dismissal of a party's claims for failure to prosecute. There are two requisite factors which must be met in order for a party's claims to be dismissed under Fed. R. Civ. P 41(b). *See Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982). The two requisite factors are met where 1) there is a clear record of delay and 2) lesser sanctions would not serve the best interests of justice. *Id*. Because dismissal is an extreme sanction, there are three additional "aggravating" factors courts look to in order to evaluate a motion to dismiss under Fed. R. Civ. P 41(b). *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) (citing *Rogers*, 669 F.2d at 320; *Tello v. C.R.*, 410 F.3d 743, 744 (5th Cir. 2005), *cert denied*, 546 U.S. 873 (2005); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Courts will only grant dismissals if one of three aggravating factors is met. *Tello*, F.3d at 744 ("We generally will affirm dismissal only if we find at least one of the three aggravating factors"); *Berry*, 974 F.2d at 1191 ("Additionally, in most cases where this [c]ourt has affirmed dismissals with prejudice, we found at least one of the three aggravating factors."). The "aggravating" factors are: (1) the extent to which the plaintiff, as distinguished from her counsel, was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct. *Rogers*, 669 F.2d at 320. Here both of the requisite factors and all three of the aggravating factors are satisfied demonstrating the appropriate outcome – dismissal of Deckard and Baker.

As to the first requisite factor, there is a clear record of delay. Deckard and Baker were served with written discovery more than a year ago, on July 17, 2017, and neither has made any effort to provide even a partial response to any request. Deckard and Baker were also scheduled to be deposed more than eight months ago, on December 11 and 12, 2017 (respectively) and

neither appeared, provided an indication of intent to appear, nor an excuse for failing to appear. By their own counsel's account, they have been absent from the case and refused to participate in discovery for more than eight months. (**Exs. F-G**). The Fifth Circuit has held that a plaintiff's failure to participate in discovery for "about five months" was sufficient delay to support dismissal under Fed. R. Civ. P 41(b). *Oviedo v. Lowe's Home Improvement, Inc.*, 184 Fed. Appx. 411, 412-413 (5th Cir. 2006).

As for the second requisite factor, lesser sanctions, anything short of dismissal would be insufficient. Even if the Court were to compel Deckard and Baker to respond to discovery and sit for their depositions, it is unlikely they would do so as their own counsel said that Baker refuses to respond and he cannot contact Deckard. (**Exs. F-G**).

In addition to the two requisite factors having been met, the three aggravating factors are also met here. The first aggravating factor -- the extent to which the plaintiff, as distinguished from her counsel, was personally responsible for the delay – is met. Plaintiff's counsel has not offered any explanation for Deckard or Baker's delay. He merely indicated that he cannot reach Deckard and Baker refuses to comply with discovery. (**Exs. F-G**).

The second aggravating factor -- the degree of actual prejudice to the defendant – is likewise met. New Tech is severely prejudiced because it must defend this case without having the opportunity to review the evidence and examine the witnesses Deckard and Baker may attempt to use at trial. Moreover, discovery closes in less than a month, on September 10, 2018, and Deckard and Baker's late responses at this date could not cure this prejudice to New Tech.

As for the third aggravating factor -- whether the delay was the result of intentional conduct – Deckard and Baker are intentionally evading discovery and causing delay because, by their own attorney's statements, they have no intention of prosecuting their claims. According to

Plaintiffs' counsel, Baker has directly indicated that he would not respond to discovery and Deckard has completely ignored his own counsel. *See* **Exhibit F** ("Brett Baker has indicated that he did not work many overtime hours and **didn't want to respond to discovery**. I am still trying to reach Albert Deckard, but have been **unable to get a response**") (emphases added). Deckard and Baker have provided no excuse for their conduct, and their intent is clear.

### B. Alternatively, the Court Should Compel Deckard and Baker's written discovery responses and deposition appearances Under Fed. R. Civ. P 37(a).

Dismissal is most appropriate given the looming close of discovery on September 10, 2018. However, if the Court declines to dismiss Deckard and Baker outright, then it should, at a bare minimum, compel Deckard and Baker to respond to discovery (with all objections having been waived) and sit for depositions as noticed by New Tech. Pursuant to Fed. R. Civ. P 37(a), the Court has the power to enter exactly such an order. *See e.g. Osborne v. McCardle*, No. CV 16-0545, 2016 WL 6783246, at *1 (W.D. La. Nov. 16, 2016) (granting motion to compel pursuant to Fed. R. Civ. P 37(a) for failure to respond to written discovery); *see also Smith v. Kansa Tech., LLC*, No. CV 16-16597, 2017 WL 6407984, at *1 (E.D. La. Aug. 3, 2017) (granting motion to compel pursuant to Fed. R. Civ. P 37(a) for failure appear for a deposition).

### C. New Tech is Entitled to Expenses and Reasonable Attorney's Fees.

Whether the Court grants New Tech's Motion to Dismiss or grants its Motion to Compel, New Tech is entitled to attorneys' fees and expenses either way.

Fed. R. Civ. P 37(d)(3) governs awards of expenses and fees for parties sanctioned under Fed. R. Civ. P 37(d). Fed. R. Civ. P 37(d)(3) provides:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(iv). Instead of or in addition to these sanctions, the court **must** require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust. (emphasis added).

8

Here, New Tech has incurred expenses, including attorney's fees as the result of Deckard and Baker's failure to respond to written discovery or appear for depositions.  Moreover, Deckard and Baker, and Plaintiffs' counsel have provided no excuse to justify Deckard and Baker's failures or to make an award of expenses unjust.  Deckard and Baker's failures led to this Motion to Dismiss.  *See Barnes v. Madison*, 79 Fed. Appx. 691, 707 (5th Cir. 2003) (interpreting Fed. R. Civ. P 37(d)(3) to allow for sanctions of reasonable attorney's fees incurred from party's failure to appear for deposition).

Alternatively, Fed. R. Civ. P 37(a)(5)(A)(i)-(iii) governs awards of expenses and fees for parties sanctioned under Fed. R. Civ. P 37(a).  Fed. R. Civ. P 37(a)(5)(A)(i)-(iii) provides:

> If [the motion is granted pursuant to Fed. R. Civ. P 37(a)] -- or if the disclosure or requested discovery is provided after the motion is filed, the Court **must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the Court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust. (emphasis added).

The moving party presumptively is awarded its expenses including its attorney's fees when it prevails on a motion to compel pursuant to Fed. R. Civ. P 37(a).  *See e.g. Orchestratehr, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 510 (N.D. Tex. 2016); *Osborne v. McCardle*, No. CV 16-0545, 2016 WL 6783246, at *1 (W.D. La. Nov. 16, 2016) (awarding attorney's fees incurred as a result of making motion to compel written discovery responses).  The sanctioned party in *Osborne* was required to pay the moving party's reasonable expenses and attorney's fees incurred as a result of making the Motion to Compel.  Here, the court should grant New Tech its reasonable expenses and attorney's fees incurred as a result of bringing this Motion because (i)

9

New Tech filed the Motion after conferring with Plaintiffs' Counsel; (ii) Deckard and Baker's failure to respond was not substantially justified; and (iii) there are no other circumstances making an award of expenses unjust. *See* Fed. R. Civ. P 37(a)(5)(A)(i)-(iii)

## III. CONCLUSION

For the reasons set forth above, New Tech requests that the Court grant its Motion dismissing Deckard and Baker and award New Tech its attorneys' fees as required by Fed. R. Civ. P 37(d)(3) or, alternatively by Fed. R. Civ. P 37(a)(5)(A).

/*s/ Annette A. Idalski*
Annette A. Idalski
Pro Hac Vice
Peter N. Hall
Pro Hac Vice

CHAMBERLAIN HRDLICKA WHITE
WILLIAMS & AUGHTRY
191 Peachtree Street, NE, 46th Floor
Atlanta, Georgia 30303-1747
Telephone: (404) 658-5386
Annette.idalski@chamberlainlaw.com
Peter.hall@chamberlainlaw.com

/*s/ Donna Phillips Currault*
Donna Phillips Currault # 19533
Ryan McAlister # 37788

GORDON, ARATA, MONTGOMERY,
BARNETT, MCCOLLAM, DUPLAINTS &
EAGAN, LLC
201 St. Charles Ave. 40th Floor
New Orleans, Louisiana 70170-4000
Telephone: (504) 569-1862
dcurrault@gamblaw.com
rmcallister@gamblaw.com

Attorneys for Defendant,
New Tech Global Ventures, LLC

Dated: August 14, 2018

## **CERTIFICATE OF SERVICE**

This is to certify that on August 14, 2018, I electronically filed the foregoing MEMORANDUM OF LAW IN SUPPORT DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TO COMPEL PLAINTIFFS ALBERT DECKARD AND BRETT BAKER TO SIT FOR THEIR DEPOSITIONS AND RESPOND TO WRITTEN DISCOVERY through the Court's CM/ECF system which will send a notice of electronic filing to counsel of record, as follows:

Kenneth St. Pé
KENNETH D. ST. PÉ, LLC
311 West University Avenue, Suite A
Lafayette, LA 70506
(337) 534-4043

*/s/ Annette A. Idalski*
Annette A. Idalski

180458\000000\2897803.V2