UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Clay et al | Civil Action 6:16-cv-00296 |
| Versus | Judge John W deGravelles |
| New Tech Global Ventures LLC | Magistrate Judge Carol B. Whitehurst |

**MEMORANDUM RULING AND ORDER**

Before the Court is Plaintiffs' Motion for Partial Review Of Clerk's Taxation Of Costs [Rec. Doc 209] and Defendant's Response thereto [Rec. Doc. 211]. For the reasons that follow, the motion is granted to the extent it seeks to have the Court review the Clerk's taxation of costs but is denied to the extent that it seeks to alter the Clerk's taxation of costs.

The jury trial of this matter began on September 16, 2019 and concluded on September 18, 2019. On the last day of trial, the jury returned a verdict in favor of Defendant, New Tech Global Ventures, LLC. and against Plaintiffs, Michael Clay, Larre G. Butler and Clayton Shamsie, dismissing all claims by Plaintiffs against Defendant with prejudice, with costs awarded to Defendant from Plaintiffs. *R. 201.*

Following the trial, Defendant filed a motion seeking to recover from Plaintiffs certain expenses incurred during the course of the litigation by having them taxed as costs. *R. 205.* Plaintiff opposed the motion, *R.206*, and Defendants filed a Reply, *R. 207*. The plaintiff objected to the Clerk's taxation of costs by filing a

motion seeking to have this Court review the Clerk's determination. *R. 209.*

    1.  Pro Hac Vice fees

The Clerk of Court disallowed disallowed all of the pro hac vice costs for three out-of-state attorneys, finding that such fees are an expense that an attorney pays for the privilege of practicing law in a district and, as such, are not recoverable

    2.  Deposition Transcripts

The Clerk of Court ruled on the deposition costs are as follows (1) allowed deposition costs of the plaintiffs, Clay, Butler and Shamsie; (2) allowed deposition costs of Warren, Holbrook, Harvey and Anderson, the plaintiffs that were ultimately dismissed from the case on a pretrial motion, *R. 155*, (3) disallowed deposition costs of plaintiffs Deckard and Baker, as they failed to appear for their depositions, *R. 137*; and, (4) allowed deposition costs of Jenkins, Cress and Chavez, who were either called at trial or listed as a may call witness and the deposition was used in the joint pretrial order,

    3.  Video Depositions

The Clerk disallowed the costs for the video depositions of plaintiffs Clay and Butler because the written transcript of their depositions was available and was used.

2

4. Fees for Witnesses

The Clerk allowed the mileage, lodging, per diem (meals, etc.) and witness fees for Cliffe, Cress. and Otis based on one day's testimony and Chavez based on testimony for two days.

5. Coping and Scanning Fees

The Clerk allowed costs for 2 Bench books as required by the Court.

The Clerk disallowed the costs for Defendant's trial technician who coded and uploaded exhibits to the computer software for trial presentation as being unauthorized.

The Clerk authorized costs for transcripts for pre-trial court hearings relevant to the ultimate disposition of the case as "necessary."

Rule 54(d)(1) of the Federal Rules of Civil Procedure generally provides that "costs—other than attorney's fees—should be allowed to the prevailing party...." Thus, "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir.2006). Under 28 U.S.C. § 1920, costs are allowed for deposition transcripts that are used at trial. The party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred and proof that each item was obtained for use in the case, *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir.1991), while the burden

is on the losing party to show the impropriety of taxing a particular deposition as a cost. *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir.1977). A district court has broad discretion to tax costs. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041,1049 (5th Cir.1998).

In this case, it is undisputed that the Defendant was the prevailing party at trial. The Defendant was awarded $12,198,57 in costs. The Court has reviewed the record related to Plaintiffs' Motion, specifically Defendant's Motion To Tax Costs, attached Memorandum and Affidavit, *R. 205-1, 205-3*, Plaintiffs' Objection Memorandum and Costs Breakdown, *R. 206, 206-1,* and the Clerk of Court's Taxation of Costs, *R. 208*. The Clerk of Court meticulously considered each claim submitted, pursuant to the statutory law and jurisprudence as well as practical considerations in determining the costs awarded. Determining that the Clerk of Court's award of costs were reasonably and necessarily incurred in the successful defense of Plaintiffs' claims, the undersigned finds that this amount was properly taxed by the Clerk of Court and can be recovered by the Defendant from the Plaintiffs.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Partial Review Of Clerk's Taxation Of Costs [Rec. Doc 209] is **DENIED**.

4

**THUS DONE AND SIGNED** this 15th day of April, 2020.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE